**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OHIO SECURITY INSURANCE COMPANY** | **CIVIL ACTION NO.** |
| | **22-587-SDD-EWD** |
| **VERSUS** | |
| **HARRISON & HARRISON REAL ESTATE, INC.** | |

## NOTICE AND ORDER

Ohio Security Insurance Company ("Plaintiff") brings a civil action in this Court seeking a declaratory judgment enforcing the appraisal provisions of an insurance policy issued by Plaintiff to Harrison & Harrison Real Estate, Inc. ("Defendant"). Because it is not clear that the Court can exercise subject matter jurisdiction, additional information will be required.[1]

According to the Complaint for Declaratory Judgment, to Compel Appraisal, and Appoint an Umpire, Plaintiff issued an insurance policy to Defendant providing certain property coverage. The property at issue is alleged to have sustained hurricane damage on August 29, 2021. The parties disagree regarding the amounts due on Defendant's property damage claim.[2] The Complaint alleges subject matter jurisdiction under 28 U.S.C. § 1332.[3] Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction.

The Complaint alleges that Plaintiff is a foreign corporation, domiciled in the State of New Hampshire, with its principal place of business in Massachusetts, and that Defendant is "a Louisiana insured located in Baton Rouge, Louisiana…."[4] To adequately allege the citizenship of a corporation requires a statement regarding where the entity is incorporated and where it has its principal place of business.[5]  Assuming the statement that Plaintiff is "domiciled" in New Hampshire is intended to

---

[1] 28 U.S.C. § 1653.
[2] R. Doc. 1, ¶¶ 3 & 5.
[3] R. Doc. 1, ¶ 6.
[4] R. Doc. 1, ¶¶ 1 & 2.
[5] 28 U.S.C. § 1332(c)(1).

state Plaintiff's place of incorporation, the allegations as to Plaintiff are sufficient. However, there are no allegations as to either the principal place of business or place of incorporation for Defendant.[6]

Regarding amount in controversy, Plaintiff states:

5.

Ohio Security and Harrison are involved in a dispute regarding amounts due on a property damage claim made by Harrison arising out of alleged damage to the insured location of 8344 S. Choctaw Dr., Baton Rouge, Louisiana 70815 (the "Property"). Ohio Security estimated Harrison's damage at $272,747.44, while Harrison has demanded $1,216,293.67 for building repairs. While Ohio Security denies the amount claimed is due, the amount is in dispute. Accordingly, the amount in controversy, therefore, exceeds, exclusive of interests and costs, $75,000.00.

While plaintiffs are generally the masters of their complaints, such that if the complaint demands a specific amount of damages, that amount controls if made in good faith,[7] here, Plaintiff is not demanding a specific amount of damages. Rather, Plaintiff seeks the following relief:

WHEREFORE, Ohio Security prays that defendant, Harrison Harrison Real Estate, Inc., be cited to appear and answer the complaint herein within the delays fixed by law and that after due proceedings are had, that there be judgment herein in favor of Ohio Security and ordering that:

(1)    The Appraisal provision in Policy No. BKS (21) 56 30 38 91 is clear, unambiguous, valid and enforceable;

---

[6] A review of the records of the Louisiana Secretary of State also does not show any information for an entity named "Harrison & Harrison Real Estate, Inc.". The Complaint also says Plaintiff is a citizen of New Hampshire and Defendant is a citizen of Louisiana. R. Doc. 1, ¶ 3. As noted above, adequate information regarding the citizenship of all parties has not been provided.

[7] S*ee, e.g., Kelly v. Wal-Mart Stores, Inc.*, No. 09-133, 2010 WL 2541118, at *3 (S.D. Miss. June 17, 2010), citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

(2)    Both Harrison Harrison Real Estate, Inc. and Ohio Security Insurance Company are required to fully and completely participate in the Appraisal Process pursuant to the Appraisal provision in Policy No. BKS (21) 56 30 38 91;

(3)    The Appraisal provision in Policy No. BKS (21) 56 30 38 91 requires the selection of an Umpire;

(4)    This Court will select an Umpire, pursuant to the Appraisal Provision in Policy No. BKS (21) 56 30 38 91;

(5)    Ohio Security requests this Court appoint as umpire Rondi W. Perry, RRC, RRO, GRP of Roof Technical Services, Inc., Jeremy Fielder of JS Held, or Darrel J. Papillion of Walters Papillion Thomas Cullens be appointed as Umpire; and

(6)    all other general and equitable relief as is reasonable.

In short, Plaintiff seeks only to have this Court order enforcement of the appraisal provisions of the insurance policy at issue, which provisions, according to the Complaint, are non-binding.[8] This suggests that the amount in ultimate dispute between the parties regarding what should be paid to Defendant under the policy for alleged hurricane damage does not appear to be at issue in the main demand.[9]

---

[8] R. Doc. 1, ¶ 12, citing the appraisal provision of the policy which states, in part, "Any outcome of the appraisal will not be binding on either party." Although Plaintiff relies on *Lewis v. Republic Fire & Cas. Ins. Co.*, No. 15-35, 2016 WL 112732 (W.D. La. Jan. 8, 2016) for the proposition that "Louisiana courts consistently enforce such appraisal provisions," (R. Doc. 1, ¶ 13) in *Lewis*, the insurer sought to enforce an appraisal **award** which is not the suit filed by Plaintiff in this case. The *Lewis* court denied the insurer's motion for summary judgment seeking to enforce the appraisal award.

[9] Defendant has asserted a counterclaim that the damages to the property "exceed $1.5M," and that, despite satisfactory proof of loss, Defendant has not been timely and fully compensated for damages covered under the policy. R. Doc. 14, ¶ 15. Defendant also seeks penalties and fees under the Louisiana Insurance Code. R. Doc. 14 ¶¶ 17-28. Assuming the parties are of diverse citizenship, there may be subject matter jurisdiction over the counterclaim. *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 355 (5th Cir. 2004) ("If an independent jurisdictional ground exists for a counterclaim, the district court can retain jurisdiction over the counterclaim even if the original claims are dismissed for lack of subject-matter jurisdiction. *Kuehne & Nagel (AG & Co) v. Geosource, Inc.*, 874 F.2d 283, 291 (5th Cir.1989). Moreover, if the district court retains jurisdiction over the counterclaim, it may permit the dismissed claims to be asserted as counterclaims to the retained claim. *Id.* But that does not mean that dismissal of the original claims is not warranted in the first place. *See id.*"). *See also Constantin Land Trust v. Epic Diving and Marine Services, LLC*, No. 12-259, 2013 WL 1292275, at ** 17-20 (E.D. La. March 28, 2013).

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[10] Accordingly,

**IT IS ORDERED** that, on or before **July 28, 2023,** Plaintiff Ohio Security Insurance Company shall file a motion for leave with a proposed amended complaint attached that adequately alleges the citizenship of all parties. To avoid confusion, the proposed amended complaint should be comprehensive, *i.e.*, it should contain all Plaintiff's factual allegations without reference to any other document in the record.

**IT IS FURTHER ORDERED** that, on or before **August 4, 2023,** Plaintiff Ohio Security Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met in this case.

**IT IS FURTHER ORDERED** that, on or before **August 18, 2023**, Defendant Harrison & Harrison Real Estate, Inc. shall file either: (1) a Notice stating that Defendant does not dispute that Plaintiff has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Dismiss.

The case will be allowed to proceed if jurisdiction is adequately established.[11]

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to **TERMINATE** Ohio Security Insurance Company's Motion to Stay All Proceedings, Including Discovery, Pending Appointment of an Umpire and Completion of the Appraisal Process.[12] Other than this Notice and Order, no further action will be taken in this case until the threshold jurisdictional issue is resolved.

---

[10] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[11] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Defendant's position on whether Plaintiff has established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).

[12] R. Doc. 18.

The termination is without prejudice to reurging a motion seeking appropriate relief upon resolution of the jurisdictional issue.

Signed in Baton Rouge, Louisiana, on July 21, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**